UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRUDENTIAL SECURITY, INC.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

Case No. 18-12732
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 10)**

### I.    INTRODUCTION

Prudential Security, Inc. filed this action against the United States of America, requesting that the Court order an abatement of certain tax penalties that the Internal Revenue Service ("IRS") inadvertently assessed against Prudential; Prudential also seeks an injunction against different, newly issued assessments.

The IRS did abate the inadvertently assessed penalties, mooting Prudential's first request.

With respect to the remaining assessments, the Anti-Injunction Act bars Prudential's claim; Prudential cannot demonstrate that it would suffer irreparable injury or that it otherwise lacks an adequate legal remedy.

The Government's motion to dismiss is **GRANTED**.

### II.    BACKGROUND

Prudential is a Michigan corporation providing security services. The IRS inadvertently assessed tax penalties against Prudential for the 2014 and 2015 calendar years; the penalties were assessed under 26 U.S.C. § 6721 for failing to file forms 8300

1

and under 26 U.S.C. § 6685 for failing to make certain tax returns available for public inspection as required by 26 U.S.C. § 6104(d). The IRS acknowledged that those penalties were inadvertently assessed and abated them.

The IRS has now assessed what it considers to be the correct penalties against Prudential for its alleged failure to furnish W-2's to its employees in 2014 and 2015. Prudential says the IRS knows that it did furnish W-2's to its employees for the years in question; it says the IRS has copies of the W-2's and received sworn declarations that the W-2's were distributed. Prudential claims that the IRS is "harassing the Plaintiff by assessing and threatening to assess bogus penalties in large amounts in order to destroy Plaintiff's credit and business reputation." Prudential seeks injunctive relief. The Government seeks dismissal.

### III. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a party may assert as a defense, that the Court lacks subject matter jurisdiction over the claims. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison–Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A factual attack is a challenge to the factual existence of subject matter jurisdiction. *Id.* at 598. When considering a factual attack, the Court is free to weigh the evidence and satisfy itself concerning the existence of its power to hear the case. *Id*. In

matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

## IV. ANALYSIS

### A. There is no Live Case or Controversy Regarding the Inadvertently Assessed Penalties

Article III of the United States Constitution limits federal courts to the adjudication of actual, ongoing cases and controversies. *Thomas Sysco Food Servs. v. Martin*, 983 F.2d 60, 62 (6th Cir. 1993) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)). "To satisfy the case or controversy requirement, an actual controversy must exist at all stages of review, and not simply on the date the action is initiated." *Id*. A case becomes moot when "the requested relief is granted or no live controversy remains." *Id*.

The IRS says that since it has agreed to correct the assessment error, the portion of the case regarding inadvertent penalties should be dismissed as moot.

Prudential argues that its claim cannot be moot because "jurisdiction depends on the facts at the time the complaint is filed, not on subsequent events." However, the cases Prudential cites to in support of this proposition are inapposite, since they did not concern mootness. *See Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (stating for purposes of federal diversity jurisdiction that "[j]urisdiction, once established, cannot be destroyed by a subsequent change in events"); *see also Doctors Nursing & Rehab. Ctr. v. Sebelius*, 613 F.3d 672, 679 (7th Cir. 2010) (stating that mootness was not at issue). Because the IRS has abated the inadvertently assessed penalties, there is no longer a live case or controversy on this issue. *See RYO*, 696

3

F.3d at 470 ([a] case is moot when there is no prospect that its decision will have an impact on the parties.").

Finally, contrary to Prudential's argument, this case does not fall under the voluntary cessation exception to the mootness doctrine; under the voluntary cessation exception, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 189 (2000). Prudential challenged a clerical error rather than an IRS policy or practice.

Prudential's claim is moot.

**B. Prudential is Not Entitled to Injunctive Relief**

The Government says Prudential cannot enjoin the IRS' assessment and collection efforts; the Government argues that the Anti-Injunction Act bars an individual from enjoining the United States' collection of taxes.

Prudential says that it meets a judicially created exception to the Anti-Injunction Act; it says this Court must issue an injunction against the new assessments because the Government cannot prove its case and Prudential would suffer irreparable harm and otherwise has no adequate legal remedy. Prudential is wrong.

The Anti-Injunction Act "goes to the subject matter jurisdiction of the federal courts." *Thomas More Law Ctr. v. Obama*, 651 F.3d 529, 539 (6th Cir. 2011). The Act states, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a); *see also RYO Mach., LLC v. U.S. Dept. of Treasury*, 696 F.3d 467, 470 (6th Cir. 2012) ("[w]ith few exceptions, no court has jurisdiction over a suit to preemptively[sic]

challenge a tax . . . This rule arises from a policy preference that those aggrieved by taxation pay the tax first, and then sue for a refund."). Importantly, the Anti-Injunction Act "prevents courts from asserting jurisdiction over such cases unless they fall into one of two narrow exceptions[.]" *Id.* at 470-71.

The United States Supreme Court articulated the relevant judicial exception to the Anti-Injunction Act in *Enochs v. Williams Packing & Nav Co.*, 370 U.S. 1 (1962). Under the *Williams Packing* exception, the assessment and collection of taxes can be enjoined only if (1) under the most liberal view of the law and facts, the Government cannot prevail ultimately with respect to its claim, and (2) the traditional requisites for equitable relief are present. *James v. United States*, 542 F.2d 16, 17 (6th Cir. 1976). To establish equity jurisdiction, "the plaintiff must demonstrate that he will suffer irreparable injury or that he otherwise lacks an adequate remedy at law." *Gallo v. U.S., Dept. of Treasury, I.R.S.*, 950 F.Supp. 1246, 1249 (S.D.N.Y. 1997) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974)). The plaintiff bears the burden of proving that the *Williams Packing* exception applies. *James*, 542 F.2d at 17.

Prudential cannot meet the second prong of the *Williams Packing* exception; regardless of whether the Government can ultimately prevail, Prudential cannot show that it "will suffer irreparable injury" or that it "otherwise lacks an adequate remedy at law."

Prudential argues that its "credit and business reputation will be irreparably destroyed" if this Court does not enjoin the Government's assessment of tax penalties. Specifically, Prudential argues that it will suffer financial ruin and has no adequate legal remedy because the Government has not given Prudential the option to contest the tax.

5

First, it is clear that "[e]conomic injury alone, even to the point of financial 'ruination of the taxpayer's enterprise' will not allow a party to escape application of the Anti-Injunction Act." *Gallo*, 950 F.Supp. at 1249 (citing *Williams Packing*, 370 U.S. at 6); *see also Tatar v. Mayer*, No. 12-14814, 2013 WL 4777143, at *2 (E.D.Mich. Aug. 6, 2013) ("[m]ere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Finally, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.* (citing *Michigan Coalition of Radioactive Material Users, Inc. v. Greipentrog*, 945 F.2d 150, 154 (6th Cir. 1991).

Prudential cites to *Lucia v. United States*, 474 F.2d 565 (5th Cir. 1973), in support of its assertion that financial ruin constitutes irreparable injury and provides for equitable relief. Specifically, Prudential says *Lucia* stands for the proposition that the prospect of financial ruin is sufficient to allow a plaintiff to bypass the Anti-Injunction Act if the other factors of the *Williams Packing* exception are satisfied.

While Prudential's articulation of the Fifth Circuit's holding is accurate, *Lucia* is ultimately inapposite because—unlike the plaintiff in *Lucia*—Prudential cannot show that it has no adequate legal remedy.

In *Lucia*, the Fifth Circuit held that the plaintiff could seek an injunction, in part, because he could prove the applicability of the *Williams Packing* exception. *Id.* at 576-77. The plaintiff in *Lucia* faced a jeopardy assessment; under 26 U.S.C. § 6330(f), if the

6

IRS determines that "the collection of tax is in jeopardy," it can issue a levy without notice and the opportunity for a hearing. 26 U.S.C. § 6330(f). The plaintiff potentially had no adequate legal remedy because he faced a levy without first receiving notice or a hearing; he also argued that collection would not be stayed pending a refund proceeding, allegedly resulting in his financial ruin.

Prudential is not facing a jeopardy assessment; its legal remedy is adequate to prevent irreparable injury. The IRS has consistently stated that Prudential is entitled to an administrative "Collection Due Process" hearing before collection occurs. *See* 26 U.S.C. § 6330. While Prudential argues that it "has no adequate remedy to stop the IRS from assessing bogus taxes," it has not argued against the applicability of 26 U.S.C. § 6330.

Prudential cannot bypass the Anti-Injunction Act.

## V. CONCLUSION

The IRS abated the inadvertently assessed penalties, mooting Prudential's first request. Prudential's request for injunctive relief is barred by the Anti-Injunction Act.

The Government's motion to dismiss is **GRANTED**.

 **IT IS ORDERED**.

S/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: July 2, 2019